UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., <br><br> Plaintiff, <br><br> -vs- <br><br> LE FU CHEN, a/k/a "TOMMY CHEN, a/k/a "DANNY CHEN", an individual; HAI FAN HUANG, a/k/a "CINDY HUANG," an individual; HUAN HE, a/k/a "JERRY," a/k/a "JERRY KIM," an individual; BUYTONG, INC., a New Jersey corporation; STEPHEN CHEN, an individual; SUHUA CHIA, and individual; KINGMAN USA, INC., a New York Corporation; and DOES 1-10, inclusive <br><br> Defendants. | Civil Action No. 1:16-cv-03793 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff LUXOTTICA GROUP S.p.A. for its claims against Defendants LE FU CHEN, a/k/a "TOMMY CHEN, a/k/a "DANNY CHEN;" HAI FAN HUANG, a/k/a "CINDY HUANG;" HUAN HE, a/k/a "JERRY," a/k/a "JERRY KIM;" BUYTONG, INC.; STEPHEN CHEN; SUHUA CHIA; KINGMAN USA, INC.; and DOES 1-10, inclusive, (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action to combat Defendants' importation and sale of counterfeit products that infringe federally-registered trademarks owned and used by Plaintiff in connection with the sale of Plaintiff's famous Ray-Ban® sun eyewear.  As a direct and proximate result of Defendants' unlawful importation, distribution and sale of counterfeit Ray-Ban® sun eyewear, Plaintiff has been irreparably harmed.  Plaintiff seeks permanent injunctive relief, damages, costs and attorney's fees as authorized by the Lanham Act, the Tariff Act, and New York State statutory and common law.

## JURISDICTION AND VENUE

2.     Plaintiff files this action against Defendants for trademark counterfeiting, trademark infringement, illegal importation of counterfeit goods under the Lanham Act, 15 U.S.C. §1051 *et seq*., illegal importation of counterfeit goods under the Tariff Act, 19 U.S.C. § 1526(a), and related claims of unfair competition under the statutory and common law of the state of New York.  This Court has subject matter jurisdiction over the trademark infringement claims under 28 U.S.C. §§1331 and 1338(a).

3.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that

they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     This Court has personal jurisdiction over Defendants because Defendants reside and/or do business in this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district, and Defendants are located and/or do business in this judicial district.

## THE PARTIES

6.     Plaintiff Luxottica Group S.p.A. ("Luxottica Group" or "Plaintiff") is a corporation organized and existing under the laws of Italy, with its principal place of business in Milan, Italy and an office in Port Washington, New York.

7.     Defendant Le Fu Chen is an individual who resides in this judicial district.  Le Fu Chen is also known by the aliases "Tommy Chen" and "Danny Chen."  Le Fu Chen is married to defendant Hai Fan Huang.

8.     Defendant Hai Fan Huang ("Huang") is an individual who resides in this judicial district.  Huang is also known by the alias "Cindy Huang."  Huang is married to defendant Le Fu Chen.

9.     Defendant Huan He ("He") is an individual who resides in New Jersey.  Upon information and belief, defendant He is the Secretary of, and owns,

controls, and/or operates, defendant Buytong, Inc.  Upon information and belief, defendant He is also known by the aliases "Jerry" and "Jerry Kim."

10.     Defendant Buytong, Inc. ("Buytong") is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business located at 625 Jersey Avenue, Unit 8, New Brunswick, New Jersey 08901.

11.     Defendant Stephen Chen is an individual who resides at 43 Bay 23rd Street, Apt. 1, Brooklyn, New York 11214.

12.     Defendant Suhua Chia ("Chia") is an individual who resides at 43 Bay 23rd Street, Apt. 1, Brooklyn, New York 11214.

13.     Defendants Stephen Chen and Chia own, control, and/or operate defendant Kingman USA, Inc.

14.     Defendant Kingman USA, Inc. ("Kingman USA") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 195 Bay 19th Street, 3rd Floor, Brooklyn, New York 11214.

15.     In addition to Kingman USA, Stephen Chen and Chia also own, control, and/or operate non-defendant entities Beach Bay Realty Management LLC, Milidak USA, Inc., and Toneka Corporation.  Beach Bay Realty Management LLC owns the building located at 195 Bay 19th Street, Brooklyn,

New York 11214.  Milidak USA, Inc. and Toneka Corporation are co-located with Kingman USA at 195 Bay 19th Street, 3rd Floor, Brooklyn, New York 11214.

16.    Plaintiff is unaware of the names and true capacities of DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that said DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein and, that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

17.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.    The World Famous Luxottica Brands and Products.**

18.    Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli, and Arnette.

19.    Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

20.    Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including New York.

21.    Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including, but not limited to, those detailed in this Complaint (collectively, the "Ray-Ban Marks").

22.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

23.     Luxottica Group is the owner of the following United States Federal Trademark Registrations corresponding to the Ray-Ban Marks discussed herein:

| Registration Number | Trademark | Good and Services |
| --- | --- | --- |
| 650,499 | *Ray-Ban* | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES, IN CLASS 26. |
| 1,080,886 | **RAY-BAN** | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES – IN CLASS 9. |
| 1,093,658 | *Ray-Ban* | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, SPECTACLES– IN CLASS 9. |

| | | |
|---|---|---|
| 1,320,460 |  | FOR: SUNGLASSES AND CARRYING CASES THEREFOR, IN CLASS 9. |
| 1,490,305 | **RAY-BAN** | FOR: CLOTHING, NAMELY, T-SHIRTS, IN CLASS 25. |
| 1,726,955 |  | FOR: FOR: BAGS; NAMELY, TOTE, DUFFLE AND ALL PURPOSE SPORTS BAGS, IN CLASS 18. FOR: CLOTHS FOR CLEANING OPTHALMIC PRODUCTS, IN CLASS 21. FOR: CLOTHING AND HEADGEAR; NAMELY, HATS, IN CLASS 25. |
| 2,718,485 | **RAY-BAN** | FOR: GOODS MADE OF LEATHER AND IMITATION LEATHER, NAMELY, WALLETS, CARD CASES FOR BUSINESS CARDS, CALLING CARDS, NAME CARDS AND CREDIT CARDS, IN CLASS 18. FOR: CLOTHING FOR MEN AND WOMEN, NAMELY, POLO SHIRTS; HEADGEAR, NAMELY, BERETS AND CAPS. |
| 3,522,603 |  | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9. |

**COMPLAINT FOR DAMAGES**

24.     Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.[1]  The foregoing registrations are valid and subsisting, and the majority are incontestable pursuant to 15 U.S.C. § 1065.

25.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Marks in connection with the goods identified therein and other commercial goods.

26.     The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Marks.

27.     The Ray-Ban Marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

28.     The Ray-Ban Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations originally held in the name of Bausch and Lomb, Inc. have been assigned in full to Luxottica Group.

COMPLAINT FOR DAMAGES

**B.     Defendants' Infringing Activities**

**Le Fu Chen and Huang**

29.     From at least April 2014 until their arrests in October 2015, Le Fu Chen and his wife Haung oversaw and profited from a large counterfeit goods importing and distribution organization that operated in the New York City area.

30.     Le Fu Chen and Huang – by themselves and through the assistance of their codefendants – imported, distributed, and sold commercial quantities of counterfeit versions of several different brands of luxury goods, including counterfeit Ray-Ban brand sun eyewear.

31.     On April 28, 2016, in the United States District Court for the Southern District of New York, Case No. 1:15-cr-00779-RWS-2, Huang pleaded guilty to conspiring to traffic in counterfeit goods, and to trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320.

32.     On May 12, 2016, in the United States District Court for the Southern District of New York, Case No. 1:15-cr-00779-RWS-1, Le Fu Chen pleaded guilty to conspiring to traffic in counterfeit goods in violation of 18 U.S.C. § 2320.

33.     A true and correct copy of the criminal Complaint (the "Criminal Complaint") filed by the United States against Le Fu Chen and Huang, and which details their counterfeiting activities, which are incorporated herein by reference, is attached hereto as Exhibit A.

34.     As detailed in paragraphs 8 through 11 of the Criminal Complaint, on or about May 7, 2015, Le Fu Chen and Huang were observed by law enforcement personnel depositing a woven fiber bag on the sidewalk outside their residence at 15 Elm Street, Roslyn Heights, New York alongside other trash to be picked up for disposal.  Inside the bag were, among other things, a sheet of stickers bearing at least one of the Ray-Ban Marks, several shipping labels, and several shipping invoices.

35.     Two invoices inside the woven fiber bag reflected a recipient of "Kingman," at 195 Bay 19th, third floor, Brooklyn, New York.  Defendant Kingman USA is located at this address.  Defendants Stephen Chen and Chia own, control, and/or operate defendant Kingman USA at this address.

36.     Eleven of the shipping labels and thirty-three of the invoices inside the woven fiber bag reflected a recipient of "Jerry Kim," at 625 Jersey Avenue, Unit 8, New Brunswick, New Jersey 08901.

37.     Defendant Buytong is located at 625 Jersey Avenue, Unit 8, New Brunswick, New Jersey 08901.  Buytong is a trucking company registered with the U.S. Department of Transportation as having one truck and one truck driver.  Defendant He is an officer of Buytong.  Numerous searches of public records by Plaintiff have shown defendant He to be the only contact person associated with Buytong at this address.  Based on the foregoing information showing that only

defendant He is employed by Buytong at 625 Jersey Avenue, Unit 8, New Brunswick, New Jersey 08901, Plaintiff is informed and believes, and on that basis alleges, that "Jerry Kim" is an alias for defendant He.

38.     One invoice inside the woven fiber bag reflected a recipient of "Jerry," at 142-41 Roosevelt Avenue, Flushing, New York.  Upon information and belief, the "Jerry" identified on this invoice is defendant He, a/k/a "Jerry Kim."

39.     As detailed in paragraph 11 of the Criminal Complaint, law enforcement has seized multiple shipments of counterfeit goods, including counterfeit Ray-Ban brand sun eyewear, from each of the foregoing defendants.

40.     As detailed in paragraphs 8 through 11 of the Criminal Complaint, defendants Le Fu Chen and Huang were observed by law enforcement attempting to dispose of a woven fiber bag that contained, among other things, numerous shipping labels and shipping invoices reflecting the aliases and addresses owned, controlled, and or operated by defendants He, Buytong, Stephen Chen, Chia, and Kingman USA.  Le Fu Chen and Huang would possess, and attempt to dispose of, such incriminating shipping labels and shipping invoices only if they were actively conspiring and cooperating with defendants He, Buytong, Stephen Chen, Chia, Kingman USA, and DOES 1-10 to import, distribute, and sell counterfeit Ray Ban brand sun eyewear on a massive scale.

41.     In addition to the foregoing allegations, which are based on information set forth in the Criminal Complaint, defendants Stephen Chen, Chia, Kingman USA, He, and Buytong were each caught red-handed by the United States Bureau of Customs & Border Protection ("CBP") importing commercial quantities of counterfeit Ray-Ban sun eyewear into the United States.  In each instance, CBP seized the counterfeit Ray-Ban sun eyewear and notified Plaintiff. Each of these seizures is detailed below.

### Stephen Chen, Chia, and Kingman USA

42.     CBP periodically inspects a fraction of the merchandise imported into the United States.  As a result of one such inspection on or about December 1, 2014, CBP discovered that a shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.  A true and correct copy of U.S. Registration No. 650,499 is attached hereto as Exhibit B.

43.     Plaintiff filed and recorded a copy of the registration certificate of U.S. Registration No. 650,499 with CBP in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.  Once filed with CBP, U.S. Registration No. 650,499 was recorded by CBP under the Recordation Number TMK 01-00569.  A true and correct copy of

the computer printout documenting CBP's recordation of this trademark is attached hereto as Exhibit C.

44.     On or about March 23, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772000230-01) ("First Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on December 1, 2014.  The First Notice of Seizure names "Kingman," located at "195 Bay 19th FL., #3 [sic], Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray-ban sunglasses."  This address belongs to Kingman USA, and to two other businesses owned and/or operated by defendants Stephen Chen and Chia.  Stephen Chen and Chia used Kingman USA as the instrumentality through they purchased and imported this shipment, as well as the following shipments, of counterfeit Ray-Ban eye wear.  A true and correct copy of the First Notice of Seizure is attached hereto as Exhibit D.

45.     On or about December 4, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

46.     On or about April 6, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000312) ("Second Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear

on December 4, 2014.  The Second Notice of Seizure names "Mr./Mrs. Kingman," located at "195 Bay 19th Street Fl. 3, Brooklyn, NY 11214," as the party that imported 210 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Second Notice of Seizure is attached hereto as Exhibit E.

47.     On or about January 15, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

48.     On or about March 3, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000649-01) ("Third Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 15, 2015.  The Third Notice of Seizure names "Kingman," located at "195 Bay 19th Street 3rd Floor, Brooklyn, NY 11214," as the party that imported 160 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Third Notice of Seizure is attached hereto as Exhibit F.

49.     On or about January 26, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

50.     On or about April 8, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000761-01) ("Fourth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Fourth Notice of Seizure names "Kingman," located at "195 Bay 19th St. Fl. 3, Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Fourth Notice of Seizure is attached hereto as Exhibit G.

51.     On or about January 26, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

52.     On or about April 8, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000760-01) ("Fifth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Fifth Notice of Seizure names "Kingman," located at "195 Bay 19th St. Fl. 3, Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Fifth Notice of Seizure is attached hereto as Exhibit H.

53.     On or about January 26, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear

COMPLAINT FOR DAMAGES

bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

54.     On or about April 8, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000764-01) ("Sixth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Sixth Notice of Seizure names "Kingman," located at "195 Bay 19th St. Fl. 3, Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Sixth Notice of Seizure is attached hereto as Exhibit I.

55.     On or about January 26, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

56.     On or about April 8, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000766-01) ("Seventh Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Seventh Notice of Seizure names "Kingman," located at "195 Bay 19th St. Fl. 3, Brooklyn, NY 11214," as the party that imported 240 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Seventh Notice of Seizure is attached hereto as Exhibit J.

57.     On or about January 26, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

58.     On or about April 8, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000762-01) ("Eighth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Eighth Notice of Seizure names "Kingman," located at "195 Bay 19th St. Fl. 3, Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Eighth Notice of Seizure is attached hereto as Exhibit K.

59.     On or about January 29, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

60.     On or about March 30, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000787-01/rp) ("Ninth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 29, 2015.  The Ninth Notice of Seizure names "Kingman," located at "195 Bay 19th Street, Fl #3, Brooklyn, NY 11214," as the party that

imported 300 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Ninth Notice of Seizure is attached hereto as Exhibit L.

61.     On or about January 30, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

62.     On or about March 27, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000817-01) ("Tenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 30, 2015.  The Tenth Notice of Seizure names "Kingman," located at "195 Bay 19th Street 19th Floor, Brooklyn, NY 11355," as the party that imported 600 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Tenth Notice of Seizure is attached hereto as Exhibit M.

63.     On or about January 30, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

64.     On or about March 27, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000818-01) ("Eleventh Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban

COMPLAINT FOR DAMAGES

sun eyewear on January 30, 2015.  The Eleventh Notice of Seizure names

"Kingman," located at "195 Bay 19th Street 19th Floor, Brooklyn, NY 11355," as

the party that imported 600 pairs of counterfeit "Ray Ban sunglasses."  A true and

correct copy of the Eleventh Notice of Seizure is attached hereto as Exhibit N.

65.     On or about February 2, 2015, CBP discovered that another shipment

imported into the United States contained a commercial quantity of sun eyewear

bearing spurious marks that were counterfeit versions of least one of the Ray-Ban

Marks, *i.e.*, U.S. Registration No. 650,499.

66.     On or about March 28, 2015, CBP mailed to Plaintiff a Notice of

Seizure of Infringing Merchandise (No. 2015477200086901) ("Twelfth Notice of

Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban

sun eyewear on February 2, 2015.  The Twelfth Notice of Seizure names

"Kingman," located at "195 Bay 19th Apt. 3, Brooklyn, NY 11214," as the party

that imported 165 pairs of "Counterfeit Ray Ban Sunglasses."  A true and correct

copy of the Twelfth Notice of Seizure is attached hereto as Exhibit O.

67.     On or about February 15, 2015, CBP discovered that another shipment

imported into the United States contained a commercial quantity of sun eyewear

bearing spurious marks that were counterfeit versions of least one of the Ray-Ban

Marks, *i.e.*, U.S. Registration No. 650,499.

68.     On or about March 18, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-000995-01) ("Thirteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on February 2, 2015.  The Thirteenth Notice of Seizure names "Kingman," located at "195 Bay 19th FL3, Brooklyn, NY 11214," as the party that imported 200 pairs of counterfeit "Ray Ban Sunglasses."  A true and correct copy of the Thirteenth Notice of Seizure is attached hereto as Exhibit P.

**He and Buytong**

69.     On or about August 28, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.  A true and correct copy of U.S. Registration No. 1,093,658 is attached hereto as Exhibit Q.

70.     Plaintiff filed and recorded a copy of the registration certificate of U.S. Registration No. 1,093,658 with CBP in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.  Once filed with CBP, U.S. Registration No. 1,093,658 was recorded by CBP under the Recordation Number TMK 02-00976.  A true and correct copy of the computer printout documenting CBP's recordation of this trademark is attached hereto as Exhibit R.

71.     On or about September 12, 2014, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2014477200217201/IS/BP) ("Fourteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on August 28, 2014.  The Fourteenth Notice of Seizure names "Jerry Kim," located at "625 Jersey Ave unit 8 New Brunswick, NJ 08901," as the party that imported 360 pairs of "Counterfeit Ray-Ban Sunglasses."  This address belongs to defendant Buytong.  Defendant He used Buytong as the instrumentality through he purchased and imported this shipment, as well as the following shipments, of counterfeit Ray-Ban eye wear.  A true and correct copy of the Fourteenth Notice of Seizure is attached hereto as Exhibit S.

72.     On or about September 16, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

73.     On or about November 25, 2014, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2014-4772-002635-01) ("Fifteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on September 16, 2014.  The Fifteenth Notice of Seizure names "Jerry Kim," located at "625 Jersey Ave, Unit 8 Brunswick, NJ 08901," as the party that

imported 360 pairs of "Ray-Ban counterfeit sunglasses."  A true and correct copy of the Fifteenth Notice of Seizure is attached hereto as Exhibit T.

74.     On or about December 12, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

75.     On or about March 31, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772000440-01) ("Sixteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on December 12, 2014.  The Sixteenth Notice of Seizure names "Jerry," located at "625 Jersey Avenue New Brunswick, NJ 08901," as the party that imported 480 pairs of "Ray-ban sunglasses."  A true and correct copy of the Sixteenth Notice of Seizure is attached hereto as Exhibit U.

76.     On or about March 9, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

77.     On or about April 1, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-001198-01) ("Seventeenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban

sun eyewear on March 9, 2015. The Seventeenth Notice of Seizure names "Jerry," located at "625 Jersey Ave Unit 8 New Brunswick, New Jersey 08901," as the party that imported 480 pairs of "Ray Ban sunglasses." A true and correct copy of the Seventeenth Notice of Seizure is attached hereto as Exhibit V.

78. On or about March 9, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 650,499.

79. On or about April 1, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-001199-01) ("Eighteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on March 9, 2015. The Eighteenth Notice of Seizure names "Jerry," located at "625 Jersey Avenue Unit 8 New Brunswick, New Jersey 08901," as the party that imported 480 pairs of "Ray Ban sunglasses." A true and correct copy of the Eighteenth Notice of Seizure is attached hereto as Exhibit W.

80. On or about March 18, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

81.     On or about April 25, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772-100251-01) ("Nineteenth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on January 26, 2015.  The Nineteenth Notice of Seizure names "Jerry," located at "625 Jersey Ave Unit 8 Brunswick, NJ 08901," as the party that imported 240 pairs of counterfeit "Ray Ban sunglasses."  A true and correct copy of the Nineteenth Notice of Seizure is attached hereto as Exhibit X.

82.     On or about September 9, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

83.     On or about October 15, 2015, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2015-4772003055-01) ("Twentieth Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on September 9, 2015.  The Twentieth Notice of Seizure names "Jerry Kim," located at "625 Jersey Avenue, #8 New Brunswick, NJ 08901," as the party that imported 240 pairs of "Ray-ban sunglasses."  A true and correct copy of the Twentieth Notice of Seizure is attached hereto as Exhibit Y.

84.     On or about April 26, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear

bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

85.     On or about August 29, 2014, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2014477200207501/MC/sh) ("Twenty-First Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on April 26, 2014.  The Twenty-First Notice of Seizure names "Jerry," located at "142-41 Roosevelt Avenue Flushing, NY 11354," as the party that imported 480 pairs of counterfeit "Ray-Ban Sunglasses." On information and belief, defendant He used this address to receive drop shipments of counterfeit Ray-Ban goods.  The exporter of these counterfeit sunglasses is identified as Najiagsg Diegnos Technology, a non-existent company. A true and correct copy of the Twenty-First Notice of Seizure is attached hereto as Exhibit Z.

86.     On or about May 29, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

87.     On or about August 8, 2014, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2014477200125101/WK/BP) ("Twenty-Second Notice of Seizure") notifying Plaintiff that CBP had seized the above

COMPLAINT FOR DAMAGES

counterfeit Ray-Ban sun eyewear on May 29, 2014. The Twenty-Second Notice of Seizure names "Jerry," located at "42-42 Roosevelt Ave. Flushing, NY 11354," as the party that imported 580 pairs of "Counterfeit Ray-Ban Sunglasses." This address of "42-42 Roosevelt Ave." does not actually exist, and appears to be an erroneous transcription of "142-41 Roosevelt Ave." The exporter of these counterfeit sunglasses is also identified as Najiagsg Diegnos Technology, the same non-existent exporter of the shipment discussed immediately above. A true and correct copy of the Twenty-Second Notice of Seizure is attached hereto as Exhibit AA.

88.    On or about August 13, 2014, CBP discovered that another shipment imported into the United States contained a commercial quantity of sun eyewear bearing spurious marks that were counterfeit versions of least one of the Ray-Ban Marks, *i.e.*, U.S. Registration No. 1,093,658.

89.    On or about September 18, 2014, CBP mailed to Plaintiff a Notice of Seizure of Infringing Merchandise (No. 2014-4772-002054-01) ("Twenty-Third Notice of Seizure") notifying Plaintiff that CBP had seized the above counterfeit Ray-Ban sun eyewear on August 13, 2014. The Twenty-Third Notice of Seizure names "Jerry," located at "142-41 Roosevelt Avenue Flushing, New York 11354," as the party that imported 240 pairs of counterfeit "Ray Ban sunglasses." A true

and correct copy of the Twenty-Third Notice of Seizure is attached hereto as Exhibit BB.

90.     The sun eyewear referenced in the First through Twenty-Third Notices of Seizure are all counterfeit, and not genuine articles manufactured by or with the permission of Luxottica Group.  Defendants have never had any license, authority, or other permission from Luxottica Group to use any of the Ray-Ban Marks in connection with their importation, sale, offering for sale, or distribution of Ray-Ban sun eyewear.

91.     Upon information and belief, Defendants have conspired and cooperated with each other in facilitating the ongoing and unrestrained commercial importation, distribution, and sale of counterfeit Ray-Ban sun eyewear in the United States.

92.     The forgoing acts of Defendants constitute direct trademark infringement in violation of federal law and New York State law.

93.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban products imported, offered for sale, and sold by Defendants are authentic or authorized products of Luxottica Group.

94.     The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban products and Luxottica Group.  Defendants are well aware of the extraordinary fame and strength of the Ray-Ban Marks, as well as the incalculable goodwill associated therewith.

95.     Defendants' knowing and deliberate counterfeiting of Luxottica Group's famous Ray-Ban Marks has caused and, unless restrained and enjoined, will continue to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation.

96.     The harm being caused to Luxottica Group is irreparable and Luxottica Group does not have an adequate remedy at law.  Luxottica Group therefore seeks the entry of a permanent injunction preventing Defendants' importation, sale, offering for sale, and distribution of counterfeit Ray-Ban products.  Luxottica Group also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's trademarks.

## <u>FIRST CLAIM FOR RELIEF</u>

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

97.     Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 96 hereof.

98.     The Ray-Ban Marks are recognized internationally and domestically, including within this judicial district, as being affixed to goods and merchandise of the highest quality and as originating from Luxottica Group.

99.     The acts of the Defendants alleged herein constitute the use in commerce, without the consent of Plaintiff, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Ray-Ban Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Plaintiff's rights in one or more of the Ray-Ban Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

100.    The Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

101.   Defendants' use of the Ray-Ban Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

102.   Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

103.   The Defendants' acts entitle Plaintiff to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

104.   Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.  Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(For False Designation of Origin and Trademark and Trade Dress**

**Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act,**

**15 U.S.C. § 1125(a)(1)(A))**

105.    Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 104 hereof.

106.    The acts of the Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' counterfeit sun eyewear by Plaintiff.

107.    Defendants' use of the Ray-Ban Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

108.    Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated

with Defendants' commercial and business activities, all to the detriment of Plaintiff.

109.   Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

110.   Defendants' acts entitle Plaintiff to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

111.   Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.  Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

## THIRD CLAIM FOR RELIEF

## (For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)

112.   Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 111 hereof.

113.   Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of the federally registered Ray-Ban Marks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

114.   Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

115.   Defendants' acts entitle Plaintiff to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

116.   Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.  Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

**(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act**

**19 U.S.C. § 1526(a))**

117.   Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 116 hereof.

118.   Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the Ray-Ban Marks in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

119.   Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

120.   Defendants' acts entitle Plaintiff to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

121.   Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.  Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (Injury to Business Reputation – NY General Business Law § 360-1)

122.   Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 121 hereof.

123.   Due to Plaintiff's extensive sales, and significant advertising and promotional activities, the Ray-Ban Marks have achieved widespread acceptance

and recognition among the consuming public and the trade throughout the United States and abroad.

124.   Plaintiff's arbitrary and distinctive Ray-Ban Marks identify Plaintiff as the source/origin of the goods on which the Ray-Ban Marks appear.

125.   Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff's good will and business reputation, in violation of New York General Business Law § 360-1 (2003).

126.   In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

127.   Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 126 hereof.

128.   Plaintiff owns and enjoys common law trademark rights to the Ray-Ban Marks throughout the United States, including within the state of New York.

129.   Defendants' unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for

Defendants' own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its respective trademarks. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from property rights that rightfully belong to Plaintiff.

130.   Defendant's unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

131.   Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

132.   Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

133.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants, and to deter Defendants from similar conduct in the future.

134.   Plaintiff has no adequate remedy at law.

135.   In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action.

## SEVENTH CLAIM FOR RELIEF

### (Misappropriation and Unfair Competition Under New York Common Law)

136.   Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 135 hereof.

137.   Defendants' acts constitute misappropriation and infringement of Plaintiff's property rights, goodwill and reputation and unfair competition under common law of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.   Granting permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)   Manufacturing, distributing, advertising, offering for sale, and/or selling any products bearing any simulation, reproduction, counterfeit, copy,

or colorable imitation of the Ray-Ban Marks, or any other marks confusingly similar thereto;

(2)     Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Ray-Ban Marks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of counterfeit sun eyewear in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, or approved by, or connected with Plaintiff;

(3)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

(4)     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the Ray-Ban Marks;

(5)     Destroying, altering, removing, delivering, holding for sale, returning, transferring, hiding, or otherwise moving, storing or disposing in any manner Defendants' counterfeit Ray-Ban products, the materials/means to make said counterfeit products, as well as any books or records which may contain any information relating to the importation, manufacture, production, distribution,

circulation, sale, marketing, offering for sale, advertisement, promotion, and/or display of counterfeit Ray-Ban products;

(6)     Otherwise infringing Plaintiff's registered and common law family of trademarks;

(7)     Aiding, abetting, contributing to, or otherwise assisting anyone in infringement of the Ray-Ban Marks; and

(8)     Effecting assignments or transfers, forming new entities, or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Paragraphs (A)(1) through (A)(7) above.

B.     Ordering Defendants to deliver for destruction all counterfeit Ray-Ban products, including sun eyewear and labels, signs, prints, packages, wrappers, receptacles, and advertisements relating thereto in its possession, custody, or control or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making same;

C.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.     Ordering Defendants to disgorge their profits;

E.      Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

F.      Awarding all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117;

G.      Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

H.      Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

I.      Awarding applicable interest, costs, disbursements and attorneys' fees;

J.      Awarding Plaintiff punitive damages in connection with its claims under New York law; and

K.      Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: July 7, 2016                     Respectfully Submitted,
       Los Angeles, California

                                 /s/ Diana A. Sanders
                              _____

                              Diana A. Sanders (DS 2126)
                              dsanders@thompsoncoburn.com

THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501
***Attorneys for Plaintiff***
***Luxottica Group S.p.A.***

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

Luxottica Group S.p.A. hereby demands a trial by jury of all claims in this

litigation.


Dated: July 7, 2016                         Respectfully Submitted,
      Los Angeles, California

    */s/ Diana A. Sanders*
_____
Diana A. Sanders (DS 2126)
dsanders@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501
***Attorneys for Plaintiff***
***Luxottica Group S.p.A.***

**COMPLAINT FOR DAMAGES**